# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 19, 2010

The Honorable Mark Homer
Chair, Committee on Culture, Recreation
   and Tourism
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0819

Re: Whether the Development Corporation Act of 1979 permits a 4A economic development corporation to grant or use sales tax funds for certain purposes in connection with a nonprofit corporation that provides affordable housing assistance (RQ-0877-GA)

Dear Representative Homer:

You ask whether the Development Corporation Act of 1979 (the "Act") permits a 4A economic development corporation to grant or use sales tax funds for certain purposes in connection with a nonprofit corporation that provides affordable housing.[1] You relate that the Paris Economic Development Corporation ("PEDC") was created in 1993 as a "4A" corporation under the Act. Request Letter at 2. The PEDC has been approached for a grant of $10,000 of PEDC sales tax revenue by Paris Living, Inc. ("Paris Living"), a nonprofit corporation that provides affordable housing assistance for persons with low or middle income. *Id.* at 1–2. The purpose of such a grant from PEDC would be to hire a consultant to assist Paris Living to apply "to the United States Department of Treasury for $100,000 in technical assistance funding in advance of applying for certification as a first lien lender under the Community Development Financial Institutions Fund ["CDFI"]." *Id.* at 1. Specifically, you ask:

> (1) Whether the Paris Economic Development Corporation, a 4A Economic Development Corporation created pursuant to the [Act] may grant $10,000 in 4A sales tax funds to Paris Living, Inc., a local non-profit corporation that provides affordable housing assistance to qualifying persons of low-to-moderate income in the Northeast Texas region?
>
> (2) Does the [Act] allow for 4A Economic Development Corporations (such as PEDC) to use 4A sales tax funds to support an affordable housing program or project?

Request Letter at 1.

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

The Act is generally intended to promote and develop "new and expanded business enterprises and . . . job training." TEX. LOC. GOV'T CODE ANN. § 501.004(a) (West Supp. 2010). To that end, the Act authorizes municipalities and other governmental units to create a corporation as "a constituted authority for the purpose of financing one or more projects." *Id.* § 501.151; *see also id.* §§ 501.002(5), (17) (definitions of "Corporation" and "Unit"), 501.051 (authority of unit to create a corporation). The Act has been codified as title 12, subtitle C1 of the Local Government Code, effective April 1, 2009. Act of May 15, 2007, 80th Leg., R.S., ch. 885, §§ 3.01, 4.02, 2007 Tex. Gen. Laws 1905, 2082–2132, 2163 (codified at TEX. LOC. GOV'T CODE ANN. §§ 501.001–505.355). Prior to codification, a corporation was referred to as a "4A corporation" or a "4B corporation" in reference to the particular section of the Act that governed a corporation's creation and authority.[2] Now, the Act as codified in the Local Government Code refers to a "Type A corporation" and a "Type B corporation." TEX. LOC. GOV'T CODE ANN. § 501.002(15), (16) (West Supp. 2010). For purposes of this opinion, we assume that the PEDC is a Type A corporation under the Local Government Code.

A key concept under the Act is its provision for authorized "projects." *See id.* § 501.151 (stating that a development corporation is "a constituted authority for the purpose of financing one or more *projects*" (emphasis added)). The Act specifies and limits the kinds of projects that a particular development corporation, depending on its authority, may facilitate. *See id.* § 501.002(13) (defining "project"); *see, e.g., id.* §§ 501.101–.107 (subchapter C, "Authorized Projects"). Thus, while you have asked about a specific "grant" and "support," we understand your questions to more broadly concern whether the provision of affordable housing or the financial, administrative, or construction activity related to the provision of affordable housing may constitute an "authorized project" with respect to a Type A corporation.

Chapter 501, subchapter C provides a general listing of authorized development corporation projects. *Id.* § 501.002(13).[3] Of particular importance, section 501.101 authorizes projects related to the creation or retention of "primary jobs."[4] *Id.* § 501.101(1). Section 501.101 provides:

---

[2]*See* Act of May 27, 1989, 71st Leg., R.S., ch. 877, § 2, sec. 4A, 1989 Tex. Gen. Laws 3871, 3871–73 (providing for 4A corporations), *and* Act of Mar. 21, 1991, 72d Leg., R.S., ch. 11, § 2, sec. 4B, 1991 Tex. Gen. Laws 37, 37–39 (providing for 4B corporations), *both repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885. § 3.78, 2007 Tex. Gen. Laws 1905, 2163.

[3]*See* TEX. LOC. GOV'T CODE ANN. §§ 501.101 (West Supp. 2010) (projects for the creation of primary jobs), 501.102 (projects related to certain job training), 501.103 (certain infrastructure improvement projects), 501.104 (projects related to certain military bases or missions), 501.105 (certain career center projects), 501.106 (airport facilities or other projects concerning certain border municipalities), 501.107 (infrastructure projects concerning certain border counties); *see also id.* § 501.162 (use of tax revenue for job training).

[4]As applicable here, a "primary job" is one that is "available at a company for which a majority of the products or services of that company are ultimately exported to regional, statewide, national, or international markets infusing new dollars into the local economy" and is included in specified job sectors in the North American Industry Classification System. *Id.* § 501.002(12)(A)(i)–(ii).

> [A] "project" includes the land, buildings, equipment, facilities, expenditures, targeted infrastructure, and improvements that are:
>
> > (1)  for the creation or retention of primary jobs; *and*
> >
> > (2)  found by the board of directors to be required or suitable for the development, retention, or expansion of [certain categories of facilities].

*Id.* § 501.101(1)–(2) (emphasis added). Also, chapter 504 authorizes projects specifically concerning Type A corporations. *See id.* § 504.103(c) (projects concerning certain general aviation business service airports, port-related facilities, or airport-related facilities). And chapter 505 authorizes a Type A corporation to provide funding for a specific Type B corporation project or category of projects by submitting the matter to the authorizing municipality's voters, preceded by notice and a hearing. *Id.* §§ 504.152(a), .153; *see also id.* § 505.153 (Type B corporation project concerning affordable housing). However, whether a particular project or a specific expenditure is authorized under the Act involves fact issues that may not be resolved in the opinion process and are matters for the board of directors of the development corporation to determine in the first instance. *See, e.g.,* Tex. Att'y Gen. Op. No. GA-0086 (2003) at 2–3; Tex. Att'y Gen. LO-97-061, at 3 & n.6; Tex. Att'y Gen. LO-94-037, at 3.

**S U M M A R Y**

It is for the board of directors of a development corporation to determine, in the first instance, whether a project or expenditure is authorized under the Development Corporation Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee